IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Criminal No. 04-258 MV

MARTIN RAMIREZ-UVALLE,

    Defendant.

**MEMORANDUM OPINION AND ORDER OVERRULING**
**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT**

THIS MATTER comes before the Court pursuant to Defendant's Objections to the Presentence Report [Docket No. 23]. Having reviewed the submissions of the parties, and being otherwise fully advised, I find that Defendants' objections are not well taken and will accordingly be overruled.

An Information was filed by the United States on February 18, 2004 charging Defendant with Reentry of a Deported Alien Previously Convicted of an Aggravated Felony in violation of 8 U.S.C. § 1326(a)(1) and (2) and 8 U.S.C. § 1326(b)(2). On the same date, Defendant consented to proceed before a United States Magistrate for purposes of entering a guilty plea [Docket No. 10], waived his right to prosecution by indictment [Docket No. 11], and pleaded guilty to the Information.

A sentencing hearing was initially set for September 7, 2004. At the hearing, the Court took argument on Defendant's Motion for Downward Departure [ Docket No. 24]. The Court noted that Defendant's Objections to the Presentence Report had not yet been ruled on. Parties did not offer argument with regard to Defendant's Objections to the Presentence Report and

indicated that the briefs filed on the issue were sufficient for the Court to rule.  Given the complexity of the issues, the Court took Defendants' objections under advisement and continued the sentencing.

Defendant objects to the recommendations in paragraphs 19, 20 and 21 of the Presentence Report (PSR) that Defendant receive criminal history points alleged prior convictions. Defendant's objections to these recommendations are based on his contention that these prior convictions have not been proved by a preponderance of the evidence.  Defendant also objects to the calculation of his sentence under the Federal Sentencing Guidelines arguing that the portions of the guidelines that are unconstitutional in light of Blakely v. Washington, 124 S. Ct. 2531 (2004), are not severable from the guidelines as a whole, and the Federal Sentencing Guidelines as a whole are thus unconstitutional.

I.      DEFENDANT'S OBJECTION TO PARAGRAPH 19 OF THE PSR

Paragraph 19 of the PSR recommends Defendant receive three criminal history points for a 1994 California state court conviction for Assault with a Deadly Weapon.  The Information to which Defendant pleaded guilty charged him with Reentry of a Deported Alien Previously Convicted of an Aggravated Felony.  The underlying aggravated felony is stated in the Information as Assault with a Deadly Weapon.  It is clear that the prior felony conviction underlying the recommendation in paragraph 19 of the PSR is the same prior felony conviction to which Defendant admitted by pleading guilty to the Information.  Accordingly, this prior conviction is sufficiently proved, and Defendant's objection to the recommendation in paragraph 19 of the PSR is overruled.

II.     DEFENDANT'S OBJECTIONS TO PARAGRAPHS 20 AND 21 OF THE PSR

Paragraph 20 of the PSR recommends that Defendant receive one criminal history point for a 2001 Colorado state court conviction for Driving Under the Influence of Alcohol. Paragraph 21 of the PSR recommends that Defendant receive one criminal history point for a 2003 Colorado state court conviction for Unlawful Possession of One Gram or Less of a Schedule 2 Controlled Substance.  In support of the conviction listed in paragraph 20, the United States has submitted a "Register of Action" from the state court in Colorado.  This document indicates that Defendant entered a plea of guilty to the charge of Driving While Ability Impaired. In support of the conviction listed in paragraph 21, the United States has submitted Minute Orders from the state court in Colorado indicating that Defendant entered a guilty plea to a charge of Unlawful Possession of One Gram or Less of a Controlled Substance, Schedule II.

Defendant asserts that docket sheets, abstracts of judgments, and computer printouts from other courts are not sufficient evidence of a prior conviction.  In support of this contention, Defendant cites to several cases from other jurisdictions and to United States v. Martinez-Villalva, 232 F.3d 1329 (10th Cir. 2000).  In Martinez-Villalva, the district court had before it a state court journal entry as the only evidence of a defendant's prior conviction, and the district court determined that the defendant had been previously convicted of an aggravated felony.  The Tenth Circuit reversed the district court's decision. Id. at 1333-34.  In doing so, the Tenth Circuit found that the information contained within the journal entry was insufficient to show that the defendant's sentence for the prior conviction had been for a term of imprisonment for at least one year. Id.  However, the court did not find that the journal entry itself was insufficient to prove the information contained within the journal entry - it was the information within the journal entry that was deficient.

3

In this case, I conclude that the Register of Action and the Minute Orders submitted by the United States are sufficient evidence to prove the information contained within those documents. I further conclude that the Register of Action and the Minute Orders are sufficient to prove Defendant's prior convictions as set forth in paragraphs 20 and 21 of the PSR by a preponderance of the evidence. Accordingly, Defendant's objections to paragraphs 20 and 21 of the PSR are overruled.

III.     DEFENDANT'S OBJECTIONS BASED ON BLAKELY v. WASHINGTON

Defendant argues that the portions of the Federal Sentencing Guidelines that are not unconstitutional under Blakely v. Washington, 124 S. Ct. 2531 (2004) are not severable from those that are unconstitutional under Blakely. Defendant then opines that the Federal Sentencing Guidelines are unconstitutional in their entirety and cannot be applied for the purpose of sentencing Defendant. Defendant urges in a footnote that the language in Apprendi v. New Jersey, 530 U.S. 466 (2000), providing an exception to the general rule of Apprendi for the fact of a prior conviction is dicta. Defendant further urges that, even if the fact of prior conviction is an exception to the general rule of Apprendi, findings with regard to the characteristics of a prior conviction such as whether a conviction was for a violent felony are not within the exception.

As of the date of the entry of this Memorandum Opinion and Order, neither the Tenth Circuit nor the United States Supreme Court has held any portion of the Federal Sentencing Guidelines to be unconstitutional.[1] In light of this, I do not conclude that portions of the Federal Sentencing Guidelines are unconstitutional. Consequently, I do not find that the Federal

---

[1] I am not convinced that the holding in Blakely necessarily portends the demise of many sentence enhancements under the Federal Sentencing Guidelines.

Sentencing Guidelines are unconstitutional in their entirety based on a lack of severability. Additionally, Blakely and its predecessor Supreme Court cases make clear that the base offense level determination and enhancements at issue in this case involve a traditional sentencing factor rather than an element of the offense.

In Almendarez-Torres v. United States the Supreme Court faced the issue whether recidivism is an element of an offense to be stated in the indictment and proven to a jury beyond a reasonable doubt, or whether it is a sentencing factor to be found by a judge. 523 U.S. 224, 239 (1998). The Court concluded that recidivism is a sentencing factor. Id. at 243. Consequently, the Court held that there was no constitutional requirement that a recidivism factor be stated in the indictment and proved to a jury beyond a reasonable doubt. Id. at 247.

Subsequent cases have called Almandarez-Torres into doubt. See Apprendi, 530 U.S. at 487 (stating that the holding in Almandarez-Torres "represents at best an exceptional departure from the historic practice that we have described"). However, Almandarez-Torres has not been overruled, remains good law, and has essentially been affirmed on its basic premise that recidivism is a traditional sentencing factor that does not implicate constitutional concerns. See Blakely, 124 S.Ct. at 2536 (quoting Apprendi for the general rule that "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); Apprendi, 530 U.S. at 488, 490 (noting again that the holding in Almandarez-Torres rested on the conclusion that recidivism is a traditional sentencing factor, and holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); U.S. v. Cooper,

375 F.3d 1041, 1052 n.3 (10th Cir. 2004) (noting that the federal "three strikes" law imposing a life sentence based on a defendant's commission of at least two prior violent felonies is not subject to the rule in Apprendi because the facts increasing the penalty beyond the statutory maximum are facts of prior conviction); U.S. v. Dorris, 236 F.3d 582, 587 (10th Cir. 2000) (noting that Almandarez-Torres has not been overruled).

Defendant's argument in a footnote that the characteristics of a prior conviction are not within the Apprendi exception is an interesting argument that has been recently raised before the Supreme Court. In Dretke v. Haley, 124 S.Ct. 1847 (2004), a habeas petitioner asked the Court to determine that the Court's precedents allowing a judicial determination of the fact of a prior conviction did not apply when, in addition to the fact of prior conviction, there was a finding that these priors were sequential. The petitioner sought a ruling that the finding that prior convictions were sequential was required to be submitted to a jury and found beyond a reasonable doubt. The Court declined to address the issue stating that "These difficult constitutional questions . . . are to be avoided if possible." Id. at 1853-54.

While the Supreme Court has avoided the difficult constitutional issue presented here, I believe Supreme Court and Tenth Circuit precedent, authority from other jurisdictions, common sense and public policy guide this Court to the inevitable conclusion that findings with regard to characteristics of a prior offense underlying a conviction need not be proved to a jury beyond a reasonable doubt. The reasoning in Almandarez-Torres was not limited to "the fact of a prior conviction" but spoke more broadly to recidivism issues. The Tenth Circuit in Cooper, decided nearly one month after the Supreme Court issued its opinion in Blakely, stated that the rule of Apprendi does not apply to a determination under 18 U.S.C. § 3559(c) that a Defendant has been

convicted of at least two prior serious violent felonies.  375 F.3d at 1052 n.3.  In making a determination of prior conviction under 18 U.S.C. § 3559, a court must often do more than count the number of prior convictions; a determination must be made that the prior conviction was for a serious violent felony.

Other courts faced with the issue whether these broader determinations involving the characterization of prior offenses are recidivism issues excluded from the rule of Apprendi have answered in the affirmative.  In U.S. v. Henton, the Seventh Circuit found that the issue whether prior convictions are serious violent or serious drug offenses for purposes of 18 U.S.C. § 924 need not be submitted to a jury and found beyond a reasonable doubt.  374 F.3d 467 (7th Cir. 2004).  In doing so, the court specifically noted that Almandarez-Torres treated recidivism issues as sentencing factors rather than as elements of an offense.

The base offense level determination and enhancements at issue in this case involve determinations regarding Defendant's prior convictions.  I conclude that these determinations are traditional recidivism sentencing factors and appropriately determined by the Court based on a preponderance of the evidence.  Defendant's objection under Blakely v. Washington is therefore overruled.  The Probation Office correctly determined that the Defendant's Offense level is 21 and his criminal history category is IV.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Objections to the Presentence Report [Docket No. 23] are hereby OVERRULED.

_____
UNITED STATES DISTRICT JUDGE